## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**LAWRENCE SHANKLE**
**522 Treeside Drive**
**Akron, Ohio 44313**

      **Plaintiff,**                             **JUDGE**

**vs**.

**CITY OF NORTH ROYALTON**          **COMPLAINT**
**POLICE DEPARTMENT**                **JURY DEMAND**
**14000 Bennett Rd.**
**North Royalton, Ohio 44133**

**and**

**CITY OF NORTH ROYALTON**
**14600 State Road**
**North Royalton, Ohio 44133**

**and**

**STEVE ZAHURSKY**
**14000 Bennett Rd.**
**Cleveland, Ohio 44133**

**and**

**JOHN DOE POLICE OFFICERS**
**1 THROUGH 5**

      **Defendants.**

Now comes the Plaintiff, by and through undersigned counsel, Eric D. Hall, and for his

Complaint state as follows:

1. Defendant City of North Royalton Police Department, (Hereinafter referred as Defendant

   North Royalton Police Department and/or Defendants) is located in the City of North

   Royalton, State of Ohio.

2. Defendant Steve Zahursky, (Hereinafter Defendant Zahursky and/or Defendants) is a police officer employed by the City of North Royalton Police Department.

3. Defendant City of North Royalton is a city located in Cuyahoga County, State of Ohio.

4. Defendant John Doe Police Officers 1 through 5 are police officers employed by the Defendant City of North Royalton and Defendant City of North Royalton Police Department.

5. Plaintiff Lawrence Shankle, (Hereinafter referred as "Plaintiff") is a resident of the City of Akron, State of Ohio.

6. That on or about October 3, 2018, Plaintiff was travelling in his motor vehicle and was stopped by Defendant Zahursky for an alleged minor traffic violation.

7. Plaintiff was unlawfully detained by Defendant Zahursky and Defendants John Doe Police Officers 1 through 5.  Plaintiff's vehicle was unlawfully searched, and Plaintiff was unlawfully arrested and charged with several drug offenses.

8. The Defendant City of North Royalton, Defendant City of North Royalton Police Department, Defendant Zahursky, and Defendants John Doe Police Officers 1 through 5 had a policy and practice of unlawfully stopping, detaining and arresting persons for traffic violations and falsifying details and evidence pertaining to the unlawful stops, detentions, and arrests.

9. Defendant Zahursky was indicted on March 8, 2019 in Cuyahoga County Court of Common Pleas Case No. 637924-19-CR for Perjury, R.C. 2921.11(A) a third degree felony, Tampering With Evidence, R.C. 2921.12 (A)(2), a third degree felony, and Falsification, R.C. 2921.13 (A)(3) a first degree misdemeanor.  The charges were a result of Defendant Zahursky's conduct while performing his duties as a police officer with the

Defendant North Royalton Police Department.  The dates of the charged offenses occurred on or about the time period of April 6, 2018 to October 22, 2018.

10. On November 11, 2019, Defendant Zahursky plead guilty to Obstructing Official Business, R.C. 2921.31, a first degree misdemeanor.

11.  Defendants City of North Royalton, City of North Royalton Police Department, Defendant Zahursky, and Defendants John Doe Police Officers 1 through 5 acting under the color of state law deprived Plaintiff of rights, privileges, or immunities guaranteed under federal law or the United States Constitution.  On October 31, 2018, Plaintiff was indicted on one Count of Possession of Drug Possession, R.C. 2925.11 (A, a felony of the fifth degree.

12. Plaintiff was incarcerated for approximately 45 days in jail as a result of Defendants' actions.

13. On April 22, 2019 the Plaintiff pled no contest to Display of License Plates and Validation Stickers or Temporary License Placard, R.C. 4503.21 (A) (1), a minor misdemeanor with all other charges dismissed.

14. Plaintiff suffered damage, injury and loss as a result of Defendants' actions.  Defendants' conduct was extreme and outrageous and intended to cause Plaintiff serious emotional distress.

## COUNT I

### (Intentional Infliction of Emotional Distress)

15.  The allegations of Paragraphs 1 to 14 are herein incorporated by reference.

16.  Defendants' actions against Plaintiff resulted in the intentional infliction of emotional distress on Plaintiff.

17. As a direct and proximate result of Defendants' actions, Plaintiff has suffered injury, damage, and loss.

## COUNT II

(Violation of 42 U.S.C. Section 1983)

18. As a further and separate cause of action Plaintiff states as follows:

19. The allegations of Paragraphs 1 through 18 are herein incorporated by reference.

20. Defendants acting under the color of state law deprived Plaintiff of rights, privileges, or immunities guaranteed under federal law or the United States Constitution.

21. As a direct and proximate result of Defendants' actions, Plaintiff suffered injury, including emotional distress and other damage.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally for compensatory damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.000) for liquidated/punitive damages as determined at trial, together with reasonable attorney fees, interest according to law and the costs of this action.

Respectfully Submitted,

/s/ Eric D. Hall
Eric D. Hall, #0067566
Attorney for Plaintiff
P.O. Box 232
Medina, Ohio 44258
(330) 245-7504
attorneyhall@yahoo.com

## **JURY DEMAND**

A TRIAL BY JURY IS HEREBY DEMANDED ON ALL ISSUES SO TRIABLE.

/s/ Eric D. Hall
Eric D. Hall, #0067566
Attorney for Plaintiff